972 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin BISHOP, aka Hoover Bam, Defendant-Appellant.
 No. 89-50711.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 17, 1992.
Decided Aug. 26, 1992.
 
 Before WILLIAM A. NORRIS, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Kevin Bishop appeals his conviction for cocaine distribution under 21 U.S.C. 841(a)(1). Bishop contends that (1) the enhancement penalty of § 841 constitutes cruel and unusual punishment under the Eighth Amendment; (2) that § 841's disparate penalties for crack and cocaine violates the Equal Protection Clause of the 14th Amendment; and (3) that the government has selectively and discriminatorily enforced § 841 against African-Americans in violation of the Equal Protection Clause of the 14th Amendment. We affirm the conviction.
 
 
 3
 * Because Bishop had a prior conviction for a felony drug offense, pursuant to § 841(b)(i)(A) he was sentenced to the mandatory minimum of twenty years. Bishop contends that this sentence is one of the "exceedingly rare" non-capital offenses that violates the Eighth Amendment. See, e.g., Solem v. Helm, 463 U.S. 277, 289-90 (1983). Precedent, however, is to the contrary. See, e.g., Harmelin v. Michigan, 111 S.Ct. 2680 (1991) (upholding life without parole sentence for first time drug offender), U.S. v. Hoyt, 879 F.2d 505 (9th Cir.1989) (upholding ten-year sentence under § 841 for first time offender), U.S. v. Klein, 860 F.2d. 1489 (9th Cir.1988) (upholding five-year sentence under § 841). Under governing case law, the sentence does not violate the Eighth Amendment.
 
 II
 
 4
 Bishop next challenges § 841's distinction between Cocaine Hydrochloride (Cocaine Powder) and Cocaine Base (Crack Cocaine), pointing to the fact that an offender must possess 500 grams of Cocaine Powder before he faces a mandatory term, while an offender need only possess 5 grams of Crack Cocaine before he faces a mandatory term. We have, however, upheld this disparity. See, e.g., United States v. Harding, No. 91-50423, (9th Cir. July 10, 1992); United States v. Malone, 886 F.2d. 1162, 1166 (9th Cir.1989).
 
 III
 
 5
 Finally, Bishop argues that the government has selectively enforced § 841 against African-Americans in violation of the 14th Amendment's Equal Protection Clause. To establish a selective prosecution claim under the Equal Protection Clause, a defendant must show that "others similarly situated have not been prosecuted and that the prosecution is based on an impermissible motive." United States v. Wayte, 710 F.2d 1385, 1387 (9th Cir.1983), aff'd 470 U.S. 598 (1985). Bishop has satisfied neither prong of this test. Bishop has presented no evidence that similarly situated whites have not been prosecuted for the crime for which he was prosecuted, nor has he produced any evidence that his prosecution was based on an impermissible consideration, such as race. In the absence of such evidence, his claim must fail.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3